# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### (AT BECKLEY)

**WESTFIELD INSURANCE COMPANY,**

    **Plaintiff,**

v.                              Civil Action No. 5:14-cv-25227

**PINNACLE GROUP, LLC, D/B/A AARON'S,**
**JAMES P. BURMER AND RENEE L. BURMER,**

    **Defendants**.

## COMPLAINT FOR DECLARATORY RELIEF

Comes now Westfield Insurance Company ("Westfield"), pursuant to Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C. § 2201, and ***W.Va. Code §55-13-1 et seq.***, which for its Complaint for Declaratory Relief, states as follows:

### Jurisdiction

1.      Westfield Insurance Company is an Ohio corporation, with its principal place of business in Westfield Center, Ohio.

2.      Pinnacle Group, LLC, d/b/a Aaron's, is a limited liability company, organized under the laws of the State of Tennessee, with its principal office located in Morristown, Tennessee, which conducts business in the State of West Virginia.

3.      James P. Burmer and Renee L. Burmer are residents of West Virginia, and upon information and belief reside in Mercer County.

4.      The transactions giving rise to this Complaint for Declaratory Relief occurred in the Southern District of West Virginia.

28044/35

5.      This Court has venue and jurisdiction over this matter pursuant to 28 U.S.C. § 2201, based upon complete diversity of citizenship between the parties, and an amount in controversy in excess of $75,000.

### Factual Background

6.      On or about March 10, 2014, Pinnacle notified Jenkins Insurance Agency of a Complaint filed against it by James P. Burmer and Renee L. Burmer ("the Burmers") in the Circuit Court of Raleigh County ("the underlying Complaint").

7.      The Underlying Complaint alleges that the Burmers were in arrears on an alleged indebtedness to Pinnacle, arising from the Burmers' rental of furnishings from Pinnacle.

8.      The Underlying Complaint asserts that the Burmers are "persons" under the definition of Article 2 of the West Virginia Consumer Credit Protection Act ("the Act") and are entitled to the remedies set forth in the Act.

9.      The Underlying Complaint goes on to allege that Pinnacle is a debt collector as defined by the Act and that Pinnacle attempted to collect a debt by coercion, in an unreasonable, oppressive or abusive manner towards the Burmers; caused Burmers' phone to ring or engaged persons including the Burmers in telephone conversations repeatedly or continuously at unusual times or at times known to be inconvenient; utilized fraudulent, deceptive or misleading representations or means in an attempt to collect a debt; and used unfair or unconscionable means to collect a debt from the Burmers; all resulting in annoyance, inconvenience, harassment, bother, upset, anger, and indignation and distress to the Burmers.

10.      The Underlying Complaint also alleges that Pinnacle, with the intent to harass, used an electronic communication device to make contact with the Burmers after being requested by the

28044/35                                2

Burmers to desist from contacting them, in violation of *W. Va. Code §61-3C-14(a)(2)*.

11.    The conduct of Pinnacle allegedly injured the Burmers as provided by the West Virginia Computer Crime and Abuse Act, and the Burmers' Underlying Complaint seek damages for injuries under the West Virginia Computer Crime and Abuse Act, pursuant to *W. Va. §61-3C-16(a)(2)*.

12.    The Underlying Complaint also alleges violation of the Telephone Harassment statute by Pinnacle making or causing to be made telephone calls to the Burmers which caused the Burmers' phone to ring repeatedly or continuously with the intent to harass the Burmers.

13.    The Burmers were allegedly injured in violation of *W. Va. §61-8-16(a)(3)*, and have been annoyed, inconvenienced, harassed, bothered, upset, angered and caused indignation and distress.

14.    In addition, the Underlying Complaint asserts a claim for the intentional infliction of emotional distress, and it alleges that Pinnacle's conduct was atrocious and intolerable and so extreme as to exceed the bounds of decency and that Pinnacle adopted policies and procedures in violation of West Virginia law, designed to have the effect of inflicting emotional distress on consumers.

15.    The Underlying Complaint further alleges that Pinnacle's conduct and violations of the West Virginia Consumer Credit Protection Act were willful and such conduct is criminal and punishable by fine and/or imprisonment.

16.    Insofar as Pinnacle's conduct allegedly caused a phone to ring with the intent to harass, the conduct is alleged to be criminal pursuant to *W. Va. Code §61-8-16(a)(3), §61-8-16(a)(4), §61-8-16(b) and §61-3C-14a*, allegedly causing the Burmers' to suffer emotional distress.

28044/35                                3

17.    Finally the Underlying Complaint alleges a claim for common law invasion of privacy, asserting the Burmers had an expectation to be free from harassing and annoying telephone calls.

### The Westfield Policy

18.    At times relevant to the Underlying Complaint, Pinnacle was insured by Westfield under Policy No. CMM-0331174 ("the Policy"), with effective dates of coverage from March 26, 2013 to March 26, 2014, which provides, in relevant part, as follows:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we," "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II - Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V - Definitions.

### SECTION I – COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.    **Insuring Agreement**

  a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion,

investigate any "occurrence" and settle any claim or "suit" that may result. But:

\* \* \*

**b.**   This insurance applies to "bodily injury" and "property damage" only if:

    **(1)**   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;"

    **(2)**   The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)**   Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.

\* \* \*

**c.**   "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the pol icy period.

**d.**   "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    **(1)**   Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(2)**   Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

      **(3)**      Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

* * *

**2.**     **Exclusions**

This insurance does not apply to:

**a.**     **Expected Or Intended Injury**

      "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

* * *

**o.**     **Personal And Advertising Injury**

      "Bodily injury" arising out of "personal and advertising injury".

* * *

**q.**     **Distribution Of Material In Violation Of Statutes**

      "Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

      **(1)**      The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

      **(2)**      The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

      **(3)**      Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

* * *

## COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1.     **Insuring Agreement**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.  We may at our discretion investigate any offense and settle any claim or "suit" that may result.  But:

* * *

    b.    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

2.     **Exclusions**

This insurance does not apply to:

    a.    **Knowing Violation of Rights Of Another**

    "Personal and advertising injury" caused by or at the direction f the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

* * *

    d.    **Criminal Acts**

    "Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

* * *

    p.    **Distribution of Material in Violation of Statutes**

    "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

    **(1)**    The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

**(2)**     The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**(3)**     Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

* * *

**2.**     **Exclusions**

We will not pay expenses for "bodily injury:"

* * *

**g.**     **Coverage A Exclusions**

Excluded under Coverage **A**.

* * *

## SECTION II - WHO IS AN INSURED

**1.**     If you are designated in the Declarations as:

* * *

**c.**     A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

* * *

**2.**     Each of the following is also an insured:

**a.**     Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing

duties related to the conduct of your business.

\* \* \*

## SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

\* \* \*

**2.**   **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.**   You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

    **(1)**   How, when and where the "occurrence" or offense took place;

    **(2)**   The names and addresses of any injured persons and witnesses; and

    **(3)**   The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.**   If a claim is made or "suit" is brought against any insured, you must:

    **(1)**   Immediately record the specifics of the claim or "suit" and the date received; and

    **(2)**   Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.**   You and any other involved insured must:

    **(1)**   Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"

    **(2)**   Authorize us to obtain records and other information;

    **(3)**   Cooperate with us in the investigation or settlement of the

28044/35

9

claim or defense against the "suit"; and

    **(4)**    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

* * *

## SECTION V - DEFINITIONS

* * *

**3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.**    False arrest, detention or imprisonment;

    **b.**    Malicious prosecution;

    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**    Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.**    The use of another's advertising idea in your "advertisement"; or

28044/35

10

**g.**   Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \*

**17.**   "Property damage" means:

**a.**   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\* \* \*

### RECORDING AND DISTRIBUTION OF MATERIAL OR INFORMATION IN VIOLATION OF LAW EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**   Exclusion **q.** of Paragraph **2. Exclusions of Section 1 - Coverage A - Bodily Injury And Property Damage Liability** is replaced by the following:

**2.**   **Exclusions**

This insurance does not apply to:

**q.**   **Recording and distribution of Material or Information In Violation of Law**

"Bodily injury" or "property damage" airing directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)**   The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)**   The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)**   The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

**(4)**   Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communication or distribution of material or information.

**B.**   Exclusion **p.** of Paragraph **2. Exclusions of Section I - Coverage B - Personal and Advertising Injury Liability** is replaced by the following:

**2.**   **Exclusions**

This insurance does not apply to:

**p.**   **Recording and Distribution of Material or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)**   The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)**   The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

(3)     The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

(4)     Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that address, prohibits, or limits the printing, disseminating, disposal, collection, recording, sending, transmitting, communicating or distribution of material or information.

\* \* \*

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**COMMERCIAL GENERAL LIABILITY EXPANDED
ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

\* \* \*

**K.     WHO IS AN INSURED BROADENED**

Under **SECTION II - WHO IS AN INSURED** item **1.b.** is replaced with the following:

\* \* \*

Under **SECTION II - WHO IS AN INSURED** the following is added to item **1**:

**f.     Joint Ventures/ Partnership/ Limited Liability Company Coverage**

You are an insured when you had an interest in a joint venture, partnership or limited liability company which is

terminated or ended prior to or during this policy period but only to the extent of your interest in such joint venture, partnership or limited liability company. This coverage does not apply:

(1)    Prior to the termination date of any joint venture, partnership or limited liability company; or

(2)    If there is other valid and collectible insurance purchased specifically to insure the partnership, joint venture or legal liability company.

\* \* \*

**O.**    **DEFINITIONS**

Under **SECTION V - DEFINITIONS**, item **3**. Is deleted and replaced with the following:

**3**.    "Bodily injury" means bodily injury, disability, sickness, or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

Under **SECTION V - DEFINITIONS**, item **14**. The following is added to the definition of "Personal and advertising injury":

**h**.    Discrimination or humiliation that results in injury to the feelings or reputation of a natural person but only if such discrimination or humiliation is:

(1)    not done intentionally by or at the direction of:

(a)    The insured; or

(b)    Any "executive officer," director, stockholder, partner, member or manager (if you are a limited liability company) of the insured; and

(2)    Not directly or indirectly related to the employment, prospective employment, past

employment or termination of employment of any person or persons by any insured.

\* \* \*

## COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** - Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** - Definitions.

## SECTION I – COVERAGES

## COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

   a.   We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies.

   \* \* \*

   b.   This insurance applies to "bodily injury" and "property damage" only if:

   (1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   (2)   The "bodily injury" or "property damage" occurs during the policy period; and

(3)    Prior to the policy period, no insured listed under Paragraph **1.a.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.a.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.a.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e.    Damages because of "bodily injury" include damages claimed by any person by organization for care, loss of services or death resulting at any time from the "bodily injury".

## 2.    Exclusions

This insurance does not apply to:

    **a.**      **Expected or Intended Injury**

            "Bodily injury" or 'property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

* * *

    **r.**      **Personal And Advertising Injury**

            "Bodily injury" arising out of "personal and advertising injury".

* * *

**u.**      **Distribution Of Material In Violation Of Statutes**

    "Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

    **(1)**      The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

    **(2)**      The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

    **(3)**      Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

## COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY

**1.**      **Insuring Agreement**

    **a.**      We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies.

* * *

    **b.**      This insurance applies to "personal and advertising injury: caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

17

**2.      Exclusions**

This insurance does not apply to:

**a.**      "Personal and advertising injury":

**(1)      Knowing Violation Of Rights Of Another**

Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

\* \* \*

**(4)      Criminal Acts**

Arising out of a criminal act committed by or at the direction of the insured.

\* \* \*

**(17)      Distribution Of Material In Violation Of Statutes**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(a)**      The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

**(b)**      The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**(c)**      Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

\* \* \*

**SECTION II - WHO IS AN INSURED**

28044/35                                    18

**1.**     Except for liability arising out of the ownership, maintenance or use of "covered autos":

    **a.**     If you are designated in the Declarations as:

* * *

        **(4)**     An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

* * *

    **b.**     Each of the following is also an insured:

        **(1)**     Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

* * *

## SECTION IV - CONDITIONS

* * *

**3.**     **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    **a.**     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense, regardless of the amount, which may result in a claim. To the extent possible, notice should include:

        **(1)**     How, when and where the "occurrence" or offense took place;

        **(2)**     The names and addresses of any injured persons and witnesses; and

    **(3)**    The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.**    If a claim is made or "suit" is brought against any insured, you must:

    **(1)**    Immediately record the specifics of the claim or "suit" and the date received; and

    **(2)**    Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.**    You and any other involved insured must:

    **(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    **(2)**    Authorize us to obtain records and other information;

    **(3)**    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    **(4)**    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.**    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without or consent.

\* \* \*

## SECTION V - DEFINITIONS

\* \* \*

**3.**    "Bodily injury" means bodily injury, disability, sickness, or disease sustained by a person, including death resulting from any of these at any time. "Bodily

injury" includes mental anguish or other mental injury resulting from "bodily injury".

\* \* \*

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14.    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a.    False arrest, detention or imprisonment;

   b.    Malicious prosecution;

   c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   d.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;

   f.    The use of another's advertising idea in your "advertisement"; or

   g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \*

18.    "Property damage" means:

   a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b.    Loss of use of tangible property that is not physically injured.

All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**RECORDING AND DISTRIBUTION OF MATERIAL OR
INFORMATION IN VIOLATION OF LAW EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

A.  Exclusion **u.** of Paragraph **2. Exclusions of Section I - Coverage A - Bodily Injury and Property Damage Liability** is replaced by the following:

2.  **Exclusions**

This insurance does not apply to:

u.  **Recording And Distribution Of Material Or Information In Violation of Law**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1)  The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

(2)  The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

(3)  The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

(4)  Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions,

that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

**B.**   Exclusion **a.(17)** of Paragraph **2. Exclusions of Section 1 - Coverage B - Personal And Advertising Injury Liability** is replaced by the following:

**2.**   **Exclusions**

This insurance does not apply to:

**a.**   "Personal and advertising injury":

**(17)**   **Recording And Distribution Of Material Or Information In Violation Of Law**

Arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(a)**   The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(b)**   the CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(c)**   The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA);

**(d)**   Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

\* \* \*

### Coverage Issues

19.   The Burmers' lawsuit was filed in July, 2013, but notice of the lawsuit was not provided to Westfield until on or about March 10, 2014.

20.   The Policy requires Pinnacle to notify Westfield of any claim or suit as soon as practicable.

21.   Pinnacle did not notify Westfield of the claim within a reasonable time.

22.   Under the terms of the Policy, Westfield has agreed to pay those sums that Pinnacle becomes legally obligated to pay as damages because of "bodily injury" or "property damage," caused by an "occurrence" (Coverage A), or because of "personal and advertising injury caused by an offense " (Coverage B).

23.   The Burmers have asserted no claims against Pinnacle for "bodily injury," "property damage," or "personal and advertising injury," as defined by the Policy.

24.   Instead, the Burmers assert claims for damages arising out of violations of the West Virginia Consumer Credit and Protection Act; the West Virginia Computer Crime and Abuse Act; the Telephone Harassment Statute; common law invasion of privacy; and intentional infliction of emotional distress.

25.   The Burmers assert that as a result of the Pinnacle's actions, they have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise caused indignation and distress.

26.   Absent a claim for "bodily injury" or "property damage," or a claim for "personal and advertising injury," there is no "trigger" for coverage under the Westfield Policy.

27.   The Policy excludes coverage for expected or intended injury.

28044/35                                      24

28.     In addition, the Policy is expressly inapplicable to any claim for "bodily injury" or

"property damage" arising directly out of any act or omission that violates or is alleged to violate the

Telephone Consumer Protection Act ("TCPA"), including any amendment of or addition to such

law; the Can-SPAM Act of 2003; the Fair Credit Reporting Act ("FCRA"), including the Fair and

Accurate Credit Transaction Act ("FACTA"), or any other Federal, State or local statute, ordinance

or regulation that addresses, prohibits, or limits the printing, dissemination, disposal, collecting,

recording, sending, transmitting, communication or distribution of material or information.

29.     The Policy is inapplicable to the Burmers' claims against Pinnacle and, further, the

Policy expressly excludes coverage for the Burmers' claims again Pinnacle.

30.     Pinnacle has disputed Westfield's coverage analysis and decision, and an actual

controversy exists between the parties concerning Westfield's duties and obligations under the

Policy.

WHEREFORE, Westfield requests entry by this court of its order declaring as follows:

a.     That the Westfield Policy does not provide coverage for the defense or
indemnification of Pinnacle for the claims asserted against it in the
Underlying Complaint;

b.     That Westfield has no duty to defend or indemnify Pinnacle for the claims
asserted against it by the Burmers in the Underlying Complaint;

c.     That Westfield is entitled to such further and additional relief as the Court
deems just and proper.

**WESTFIELD INSURANCE COMPANY DEMANDS A TRIAL BY JURY AS TO ALL**

**FACTUAL ISSUES, IF ANY.**

**WESTFIELD INSURANCE COMPANY,**

**By counsel,**

/s/ *Brent K. Kesner*

Brent K. Kesner (WVSB #2022)
Tanya M. Kesner (WVSB #5162)
Kesner & Kesner, PLLC
112 Capitol Street
P. O. Box 2587
Charleston, WV  25329
*Phone:* (304) 345-5200
*Fax:* (304) 345-5265

28044/35                          26